Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDARD FABRICS INTERNATIONAL, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ONE STEP UP, LTD., a New York Corporation, individually and doing business as, "EYE CANDY", "FADED GLORY" and "FRENCH LAUNDRY"; BURLINGTON COAT FACTORY DIRECT CORP., a New Jersey Corporation; FORMAN MILLS, INC., a Pennsylvania Corporation; RAINBOW USA, INC., a New York Corporation; ROSS STORES, INC., a Delaware Corporation; VF OUTLET, INC., a Delaware Corporation; CITI TRENDS, INC., a Delaware Corporation; WAL- | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1.  COPYRIGHT INFRINGEMENT;<br><br>2.  VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

MART STORES, INC., a Delaware Corporation; KIDS TOWN, INC., a New York Corporation; YOUNGWORLD STORES GROUP, INC., a New York Corporation; JOYCE LESLIE, INC., a New York Corporation; and DOES 1-10,

Defendants.

Plaintiff STANDARD FABRICS INTERNATIONAL, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.      Plaintiff Standard Fabrics International, Inc. ("Standard") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 935 E. 12th Street, #B, Los Angeles, CA 90021.

5.      Plaintiff is informed and believes and thereon alleges that Defendant One Step Up, Ltd., individually and doing business as "Eye Candy", "Faded Glory" and "French Laundry" (collectively "One Step Up") is a corporation organized and existing under the laws of the State of New York, and is doing business in and with the State of California.

2
COMPLAINT

6.      Plaintiff is informed and believes and thereon alleges that Defendant Burlington Coat Factory Direct Corp. ("Burlington") is a corporation organized and existing under the laws of the State of New Jersey, and is doing business in and with the State of California.

7.      Plaintiff is informed and believes and thereon alleges that Defendant Forman Mills, Inc. ("Forman") is a corporation organized and existing under the laws of the State of Pennsylvania, and is doing business in and with the State of California.

8.      Plaintiff is informed and believes and thereon alleges that Defendant Rainbow USA, Inc. ("Rainbow") is a corporation organized and existing under the laws of the State of New York, and is doing business in and with the State of California.

9.      Plaintiff is informed and believes and thereon alleges that Ross Stores, Inc., ("Ross") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in California, and is doing business in and with the State of California.

10.     Plaintiff is informed and believes and thereon alleges that Defendant VF Outlet, Inc. ("VF") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

11.     Plaintiff is informed and believes and thereon alleges that Defendant Citi Trends, Inc. ("Citi") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

12.     Plaintiff is informed and believes and thereon alleges that Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in and with the State of California.

13.     Plaintiff is informed and believes and thereon alleges that Defendant Kids Town, Inc. ("Kids Town") is a corporation organized and existing under the laws of the State of New York, and is doing business in and with the State of California.

14.    Plaintiff is informed and believes and thereon alleges that Defendant Youngworld Stores Group, Inc. ("Youngworld") is a corporation organized and existing under the laws of the State of New York, and is doing business in and with the State of California.

15.    Plaintiff is informed and believes and thereon alleges that Defendant Joyce Leslie, Inc. ("Joyce") is a corporation organized and existing under the laws of the state of New York, and is doing business in and with the state of California.

16.    Plaintiff is informed and believes and thereon alleges that Defendant Does 1-10, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

17.    Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

18.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director,

manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NO. 7424

19.   Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 7424 ("Subject Design A"). Subject Design A is an original work of authorship and is, and at all relevant times was, owned in exclusivity by Plaintiff. A true and correct image of Subject Design A is displayed below:

Subject Design A



20.   Plaintiff applied for and received a United States Copyright Registration for Subject Design A prior to the commencement of this Action.

21.   Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

22.   Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design A and without Plaintiff's authorization, Defendants manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical or substantially similar to Subject Design A ("Subject Product A"), including but not limited to garments sold at Wal-Mart retail stores under SKU No.8-88447-43005-1 and Style No. FG25B230. Such garments bore the label "Faded Glory" and RN No. 63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:



23.   It is apparent that the elements, color, composition, arrangement, layout, and appearance of the designs at issue are identical or substantially similar.

### CLAIMS RELATED TO DESIGN NO. 7477

24.   Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 7477 ("Subject Design B"). Subject Design B is an original

work of authorship and is, and at all relevant times was, owned in exclusivity by Plaintiff. A true and correct image of Subject Design B is displayed below:

Subject Design B



25.   Plaintiff applied for and received a United States Copyright Registration for Subject Design B prior to the commencement of this Action.

26.   Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

27.   Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design B and without Plaintiff's authorization, Defendants manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical or substantially similar to Subject

Design B ("Subject Product B"), including but not limited to garments sold at Burlington retail stores under Style No. 10994F. Such garments bore the label "Eye Candy" and RN No. 63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:



28.   It is apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are identical or substantially similar.

## CLAIMS RELATED TO DESIGN NO. 7766

29.   Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 7766 ("Subject Design C"). Subject Design C is an original

work of authorship and is, and at all relevant times was, owned in exclusivity by Plaintiff. A true and correct image of Subject Design C is displayed below:

Subject Design C



30.   Plaintiff applied for and received a United States Copyright Registration for Subject Design C prior to the commencement of this Action.

31.   Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design C to numerous parties in the fashion and apparel industries.

32.   Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design C and without Plaintiff's authorization, Defendants manufactured, distributed, and/or sold fabric and/or garments comprised

of fabric featuring a design which is identical or substantially similar to Subject Design C ("Subject Product C"), including but not limited to:

    a.  Garments sold at Burlington retail stores under Style No. 11040R-M. Such garments bore the label "Eye Candy" and RN No. 63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:



    b.  Garments sold at Forman retail stores under SKU No. 4-25300-23100-6. Such garments bore the label "Eye Candy" and RN No.

63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:



c. Garments sold at Ross retail stores under SKU No. 400128895197. Such garments bore the label "Eye Candy" and RN No. 63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:

///

1    ///



11    d. Garments sold at VF retail stores under SKU No. 60915915907047
12       or Style No. 60035-1A6. Such garments bore the label "Eye Candy"
13       and RN No. 63619, indicating that said garments were manufactured,
14       caused to be manufactured, or supplied by or for One Step Up, or
15       Doe Defendants. A true and correct image of said garment is
16       displayed below:



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

e. Garments sold at Rainbow retail stores under SKU or Style No. 3961-00144-1424. Such garments bore the label "Eye Candy" and RN No. 63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:



f. Garments sold at Rainbow retail stores under SKU or Style No. 3961-00144-1416. Such garments bore the label "Eye Candy" and RN No. 63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or

Doe Defendants. A true and correct image of said garment is displayed below:



g.  Garments sold at Wal-Mart retail stores under SKU No.8-88447-60994-5 and Style No. FG35B101P. Such garments bore the label "Faded Glory" and RN No. 63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:

///
///

14
COMPLAINT



a.  Garments sold at Joyce retail stores under Style No. 1140. Such garments bore the label "Faded Glory" and RN No. 63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:

///

///



33.   It is apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are identical or substantially similar.

**CLAIMS RELATED TO DESIGN NO. 7851**

34.   Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 7851 ("Subject Design D"). Subject Design D is an original work of authorship and is, and at all relevant times was, owned in exclusivity by Plaintiff. A true and correct image of Subject Design D is displayed below:

///

///

16
COMPLAINT

Subject Design D



35.  Plaintiff applied for and received a United States Copyright Registration for Subject Design D prior to the commencement of this Action.

36.  Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design D to numerous parties in the fashion and apparel industries.

37.  Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design D and without Plaintiff's authorization, Defendants manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical or substantially similar to Subject Design D ("Subject Product D"), including but not limited to:

      a.  Garments sold at Rainbow and Kids Town retail stores under SKU No. 002-091-1657 or 8-88447-44269-6 and Style No. YD22155. Such garments bore the label "One Step Up" and RN No. 63619,

indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:



b. Garments sold at Citi retail stores under Style No. YST21640 and SKU No. 400218646814. Such garments bore the label "One Step Up" and RN No. 63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:

///
///

1
2
3
4
5
6
7
8
9



10     c. Garments sold at Burlington, Citi and Youngworld retail stores under
11         Style No. KQ21800 and SKU No. 8-88447-40134-1. Such garments
12         bore the label "One Step Up" and RN No. 63619, indicating that said
13         garments were manufactured, caused to be manufactured, or supplied
14         by or for One Step Up, or Doe Defendants. A true and correct image
15         of said garment is displayed below:

16
17
18
19
20
21
22
23
24
25
26
27



28

d.  Garments sold at Wal-Mart retail stores under Style No. FG25T365 and SKU No. 8-88447-45087-5. Such garments bore the label "Faded Glory" and RN No. 63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:



e.  Garments sold at Wal-Mart retail stores under Style No. FG25B230 and SKU No. 8-88447-43032-7. Such garments bore the label "Faded Glory" and RN No. 63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:

///
///



38.   It is apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are identical or substantially similar.

## CLAIMS RELATED TO DESIGN NO. 8075

39.    Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 8075 ("Subject Design E"). Subject Design E is an original work of authorship and is, and at all relevant times was, owned in exclusivity by Plaintiff. A true and correct image of Subject Design E is displayed below:

///

///

21
COMPLAINT

Subject Design E



40.   Plaintiff applied for and received a United States Copyright Registration for Subject Design E prior to the commencement of this Action.

41.   Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design E to numerous parties in the fashion and apparel industries.

42.   Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design E and without Plaintiff's authorization, Defendants manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical or substantially similar to Subject Design E ("Subject Product E"), including but not limited to garments sold at Burlington retail stores under Style No. 11040R-L. Such garments bore the label "One Step Up" and RN No. 63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:



43.  It is apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are identical or substantially similar.

**CLAIMS RELATED TO DESIGN NO. 8360**

44.   Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 8360 ("Subject Design F" collectively with Subject Design A, B, C, D and E, "Subject Designs"). Subject Design F is an original work of authorship and is, and at all relevant times was, owned in exclusivity by Plaintiff. A true and correct image of Subject Design F is displayed below:

Subject Design F



45.     Plaintiff applied for and received a United States Copyright Registration for Subject Design F prior to the commencement of this Action.

46.     Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design F to numerous parties in the fashion and apparel industries.

47.     Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design F and without Plaintiff's authorization, Defendants manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical or substantially similar to Subject Design F ("Subject Product F"), including but not limited to garments sold at Ross retail stores under Style No. D1226 C2806 and SKU No. 400132365563. Such

garments bore the label "French Laundry" and RN No. 63619, indicating that said garments were manufactured, caused to be manufactured, or supplied by or for One Step Up, or Doe Defendants. A true and correct image of said garment is displayed below:



48.     It is apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are identical or substantially similar.

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants)

49. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

50. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas

converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments manufactured with fabric lawfully printed through Plaintiff.

51. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Designs.

52. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a network of retail stores and on-line outlets.

53. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

54. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

55. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

///

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

56. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

57. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Designs as alleged hereinabove.

58. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

59. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

60. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

27
COMPLAINT

*Against All Defendants*

61. With Respect to Each Claim for Relief

      b. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

      c. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

      d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

      e. That Plaintiff be awarded pre-judgment interest as allowed by law;

      f. That Plaintiff be awarded the costs of this action; and

      g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Dated: January 14, 2016      By:   */s/ Scott Alan Burroughs*
                              Scott Alan Burroughs, Esq.
                              Trevor W. Barrett, Esq.
                              DONIGER / BURROUGHS
                              Attorneys for Plaintiff
                              Standard Fabrics International, Inc.